UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENE EUCEDA GUTIERREZ and LUIS MATUTE, individually and on behalf of all other persons similarly situated who were employed by BRAGA CORP., and any other entities affiliated with, controlling, or controlled by BRAGA CORP., <br><br>Plaintiffs,<br><br>- against -<br><br>BRAGA CORP. and any other entities affiliated with, controlling, or controlled by BRAGA CORP. and LUIS SILVA and DOMINGO SILVA individually,<br><br>Defendants. | Case No. 16-cv-4571 (ERK)(JO) |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement ("Agreement") is entered into by the undersigned counsel for RENE EUCEDA GUTIERREZ, LUIS MATUTE, CARLOS ARGUETA, ANUAL FERNANDO MATUTE, MARCIO MATUTE, CARLOS HERNANDEZ and JOSE MEJIA and their respective heirs, executors, administrators, successors and assigns ("Plaintiffs") and LUIS SILVA and DOMINGO SILVA, and BRAGA CORP. (collectively referred to as "Defendants") (the Plaintiffs and Defendants are collectively referred to herein as the "Parties").

**WHEREAS,** a dispute arose between the Parties related to Plaintiffs' employment with Defendants and the terms and conditions thereof; and

**WHEREAS,** Plaintiffs commenced an action against Defendants in the United States District Court for the Eastern District of New York styled as *Gutierrez et al. v. Braga et. al.*, Case No.: 16-cv-4571(ERK)(JO) (the "Lawsuit") alleging wage, hour and notice violations under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

**WHEREAS,** the Defendants have denied any and all allegations of wrongdoing asserted by Plaintiffs;

1

**WHEREAS**, the Parties desire to fully and finally resolve all differences between them;

**WHEREAS**, Plaintiffs and Defendants each have been represented by counsel with ample experience in claims for wages under applicable law, and such Parties and their respective counsel are satisfied the terms and conditions of this Agreement are fair, reasonable and in the best interest of the Parties;

**WHEREAS**, the Parties wish to resolve the Lawsuit and all disputes and controversies between them without the necessity and expense of further litigation;

**NOW THEREFORE**, in consideration of the mutual promises of the Parties, the receipt and sufficiency of which the Parties hereby acknowledge, the Parties intending to be bound, do hereby agree as follows:

## TERMS OF SETTLEMENT

### 1. Settlement Amount

In consideration of this Agreement and General Release and the promises, covenants, conditions and agreements made herein including without limitation, the withdrawal of the Lawsuit, with prejudice, Defendants agree to pay the total gross sum of three hundred ninety five thousand dollars ($395,000.00) inclusive of all costs, attorneys' fees, employer payroll tax withholdings, liquidated damages, statutory penalties and interest (as applicable) (hereinafter referred to as the "Settlement Amount"), as follows:

Within sixty (60) days following the Court's approval of this Agreement and So Ordering the dismissal of the Lawsuit, with prejudice (such date hereinafter referred to as the "Due Date"), Defendants shall issue checks comprising the Settlement Amount as follows:

1. $30,000.00 made payable to Rene Euceda Gutierrez shall constitute non-taxable liquidated damages due and owing to Rene Euceda Gutierrez, which will be reflected in a 1099 Form;

2. $30,000.00 made payable to Rene Euceda Gutierrez shall constitute unpaid wages due and owing to Rene Euceda Gutierrez, and therefore subject to all customary tax withholdings;

3. $22,500.00 made payable to Luis Matute shall constitute non-taxable liquidated damages due and owing to Luis Matute, which will be reflected in a 1099 Form;

4. $22,500.00 made payable to Luis Matute shall constitute unpaid wages due and owing to Luis Matute, and therefore subject to all customary tax withholdings;

5. $35,000.00 made payable to Carlos Argueta shall constitute non-taxable liquidated damages due and owing to Carlos Argueta, which will be reflected in a 1099 Form;

6. $35,000.00 made payable to Carlos Argueta shall constitute unpaid wages due and owing to Carlos Argueta, and therefore subject to all customary tax withholdings;

7. $22,500.00 made payable to Anual Fernando Matute shall constitute non-taxable liquidated damages due and owing to Anual Fernando Matute, which will be reflected in a 1099 Form;

8. $22,500.00 made payable to Anual Fernando Matute shall constitute unpaid wages due and owing to Anual Fernando Matute, and therefore subject to all customary tax withholdings;

9. $22,500.00 made payable to Marcio Matute shall constitute non-taxable liquidated damages due and owing to Marcio Matute, which will be reflected in a 1099 Form;

10. $22,500.00 made payable to Marcio Matute shall constitute unpaid wages due and owing to Marcio Matute, and therefore subject to all customary tax withholdings;

11. $500.00 made payable to Carlos Hernandez shall constitute non-taxable liquidated damages due and owing to Carlos Hernandez, which will be reflected in a 1099 Form;

12. $500.00 made payable to Carlos Hernandez shall constitute unpaid wages due and owing to Carlos Hernandez, and therefore subject to all customary tax withholdings;

13. $250.00 made payable to Jose Mejia shall constitute non-taxable liquidated damages due and owing to Jose Mejia, which will be reflected in a 1099 Form;

14. $250.00 made payable to Jose Mejia shall constitute unpaid wages due and owing to Jose Mejia, and therefore subject to all customary tax withholdings; and

15. $128,500.00 shall be made payable to Virginia & Ambinder LLP which shall constitute full payment for attorneys' fees and costs, which shall be reflected in a 1099 Form.

Each payment described above shall be made in a separate check and transmitted to Leonor H. Coyle, Esq., Virginia & Ambinder LLP, 40 Broad St., 7th Floor, New York, NY 10004, in time to be received on or before the Due Date.

Plaintiffs agree and affirm that the Settlement Amount shall constitute all consideration provided to them and their legal counsel under this Agreement and that Plaintiffs will not seek any further compensation for any other alleged or unalleged claimed unpaid wages, wage supplements, notice violations, injuries, damages, costs or disbursements in connection with or in any way related to their employment with Defendants or any of the Releasees (as defined herein) and any of the matters encompassed in, or released by, this Agreement. Plaintiffs agree, affirm, and acknowledge that they have been paid all wages, and wage supplements and all other amounts

owed to them pursuant to their employment by any of the Releasees or for any reason by the Releasees.

Plaintiffs acknowledge and agree that in the event it is later charged or determined by the Internal Revenue Service, the State of New York, or any other city, state or federal governmental entity that the amount of the Settlement Amount designated as non-taxable liquidated damages (or any portion thereof) was subject to tax withholding by Defendants, or subject to any liens or judgments, Plaintiffs shall indemnify and hold Defendants harmless for any taxes, levies, fines, penalties, liabilities or costs, including principal and interest and attorney's fees incurred by Defendants as a result of such determination. Plaintiffs agree that they shall be responsible for payment of all personal taxes that may be due as a result of the Settlement Amount. Plaintiffs understand and agree that no representation is made by or on behalf of Defendants regarding tax obligations or consequences that may arise from this Agreement. Furthermore, Plaintiffs and their counsel shall submit to the Defendants signed and updated W-9 and W-4 Forms, as applicable, so as to be received by Defendants' counsel, Michelman & Robinson, LLP, 800 Third Avenue, 24th Floor, New York, NY 10022, Attn: Marc B. Zimmerman or Kathryn T. Lundy within five (5) days of the Court's approval of this Agreement and So Ordered dismissal of the Lawsuit. If such forms are not received from each Plaintiff, Defendants shall be permitted to use the most recent such form in its file or apply the payment so as to provide for the minimum number of withholdings permitted by law.

## 2. Failure to Make Payment

If Defendants fail to pay the Settlement Amount by the Due Date, Plaintiffs' counsel shall notify Defendants' counsel in writing or by electronic mail, Marc Zimmerman, Esq., Michelman & Robinson, LLP, 800 Third Avenue, 24th Floor, New York, NY 10022,

(mzimmerman@mrllp.com) of the deficiency. Upon receipt of such deficiency notice, Defendants shall have ten (10) business days to cure the deficiency. In the event Defendants fail to cure said deficiency within ten (10) business days from receiving notice of the default, the Plaintiffs shall be permitted, without any further notice, to file a certification informing this Court of such failure.

### 3. Release

In consideration of the payments and benefits set forth in Section 1 above, upon receipt of the Settlement Amount by Plaintiffs' counsel as set forth herein, the Plaintiffs hereby release and discharge Defendants, their current and former parent, affiliated and related companies, subsidiaries, officers, directors, shareholders, managers, employees, representatives, agents, successors and assigns of all such entities, both individually and in their official capacities (collectively the "Releasees") from any and all wage and hour claims, liabilities or causes of action alleged in the Lawsuit arising out of the allegations in the Lawsuit or which could have been alleged in the Lawsuit, including all claims arising under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), and any all common law claims related thereto, including all claims for statutory penalties, liquidated damages, attorneys' fees, costs, and distributions, occurring from the beginning of the world up to and including the date of the execution of this Agreement.

### 4. Non-admission of Wrongdoing

The Parties agree that this Agreement is entered into as a settlement and compromise of vigorously disputed claims. Defendants wholly deny any liability. Accordingly, the Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of any liability or unlawful conduct of any kind.

## 5. Additional Representations

By signing this Agreement, Plaintiffs further acknowledges and agree that:

(a)  Plaintiffs have consulted with an attorney before executing this Agreement;

(b)  Plaintiffs have signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder;

(c)  The only consideration for signing this Agreement are the terms stated herein and no other promise, agreement or representation of any kind has been made to Plaintiffs by any person or entity whatsoever to cause Plaintiffs to sign this Agreement.

## 6. Entire Agreement

This Agreement contains the entire understanding between the Parties, and neither is relying upon any representations or statements, written or oral, made by or on behalf of any Party which is not set forth herein.

## 7. Waiver and Modification

This Agreement, including this paragraph, may not be altered except by a writing signed by all Parties. It may not be modified orally. This Agreement supersedes all prior agreements between the Parties. No provision hereof may be waived unless in writing and signed by counsel for the parties.

## 8. Severability Clause

If any term or provision of this Agreement is held to be invalid or unenforceable, the remaining portions of this Agreement will continue to be valid and will be performed, construed and enforced to the fullest extent permitted by law, and the invalid or unenforceable term will be deemed amended and limited in accordance with the intent of the parties, as determined from the

fact of the Agreement, to the extent necessary to permit the maximum enforceability or validation of the term or provision, provided, however, that upon any finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in this Agreement are illegal, void, or unenforceable or not entered into knowingly and voluntarily or otherwise ineffective, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable or return the Settlement Amount paid under this Agreement at the sole discretion of the Defendants.

### 9. Stipulation of Dismissal

Plaintiffs and Defendants shall execute a Stipulation of Dismissal of the Lawsuit, with prejudice, which shall be filed with the United States District Court for the Eastern District of New York upon execution of this Agreement.

### 10. Counterparts

This Agreement may be executed in more than one counterpart, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

### 11. Governing Law

This Agreement shall be governed by and interpreted in accordance with the laws of the State of New York without regard to New York's conflict of law provisions.

### 12. Translation

Plaintiffs state that they have had this document translated into Spanish, and that they understand and consent to the terms of this Agreement.

WHEREFORE, the undersigned now voluntarily and knowingly execute this Agreement with full understanding of its terms and effects and without reliance on any representations or statements not set forth herein.

IN WITNESS THEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the dates set forth below:

| **Plaintiffs** | **Defendants** |
|---|---|
| _____ | |
| Rene Euceda Gutierrez | Braga Corp. |
| | |
| _____ | By: _[signature]_____ |
| Luis Matute | Luis Silva |
| | |
| _____ | _[signature]_____ |
| Carlos Argueta | Domingo Silva |
| | |
| _____ | |
| Annual Fernando Matute | |
| | |
| _____ | |
| Marcio Matute | |
| | |
| _____ | |
| Carlos Hernandez | |
| | |
| _____ | |
| Jose Mejia | |

**IN WITNESS THEREOF,** the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the dates set forth below:

| Plaintiffs | Defendants |
|---|---|
| *[signature]* | |
| Rene Euceda Gutierrez | Braga Corp. |
| | |
| _____ | _____ |
| Luis Matute | By: |
| | |
| _____ | _____ |
| Carlos Argueta | Luis Silva |
| | |
| _____ | _____ |
| Annual Fernando Matute | Domingo Silva |
| | |
| _____ | |
| Marcio Matute | |
| | |
| _____ | |
| Carlos Hernandez | |
| | |
| _____ | |
| Jose Mejia | |

IN WITNESS THEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the dates set forth below:

| **Plaintiffs** | **Defendants** |
|---|---|
| _____ <br> Rene Euceda Gutierrez | Braga Corp. |
| *[signature]* <br> _____ <br> Luis Matute | _____ <br> By: |
| _____ <br> Carlos Argueta | _____ <br> Luis Silva |
| _____ <br> Annual Fernando Matute | _____ <br> Domingo Silva |
| _____ <br> Marcio Matute | |
| _____ <br> Carlos Hernandez | |
| _____ <br> Jose Mejia | |

IN WITNESS THEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the dates set forth below:

**Plaintiffs**                                    **Defendants**

_____                    _____
Rene Euceda Gutierrez                             Braga Corp.


_____                    _____
Luis Matute                                       By:

*/s/ Carlos Argueta*
_____                    _____
Carlos Argueta                                    Luis Silva


_____                    _____
Annual Fernando Matute                            Domingo Silva


_____
Marcio Matute


_____
Carlos Hernandez


_____
Jose Mejia

9

IN WITNESS THEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the dates set forth below:

**Plaintiffs**                                    **Defendants**

_____                    _____
Rene Euceda Gutierrez                             Braga Corp.


_____                    _____
Luis Matute                                       By:


_____                    _____
Carlos Argueta                                    Luis Silva

*Aaval Fernando Matute* (signature)               _____
Annual Fernando Matute                            Domingo Silva


_____
Marcio Matute


_____
Carlos Hernandez


_____
Jose Mejia

9

IN WITNESS THEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the dates set forth below:

**Plaintiffs**                                      **Defendants**

_____       _____
Rene Euceda Gutierrez                          Braga Corp.

_____       _____
Luis Matute                                            By:

_____       _____
Carlos Argueta                                      Luis Silva

_____       _____
Annual Fernando Matute                    Domingo Silva

*MAYCIO JAVIER MATUTE*
Marcio Matute

_____
Carlos Hernandez

_____
Jose Mejia

IN WITNESS THEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the dates set forth below:

**Plaintiffs**                                **Defendants**

_____                       _____
Rene Euceda Gutierrez                         Braga Corp.


_____                       _____
Luis Matute                                   By:


_____                       _____
Carlos Argueta                                Luis Silva


_____                       _____
Annual Fernando Matute                        Domingo Silva


_____
Marcio Matute

*Carlos Hernandez*
Carlos Hernandez


_____
Jose Mejia

9

**IN WITNESS THEREOF,** the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the dates set forth below:

| **Plaintiffs** | **Defendants** |
|---|---|
| _____ | _____ |
| Rene Euceda Gutierrez | Braga Corp. |
| _____ | _____ |
| Luis Matute | By: |
| _____ | _____ |
| Carlos Argueta | Luis Silva |
| _____ | _____ |
| Annual Fernando Matute | Domingo Silva |
| _____ | |
| Marcio Matute | |
| _____ | |
| Carlos Hernandez | |
| _____ | |
| Jose Mejia | |

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

On the 9 day of April 2018 before me personally came Rene Euceda Gutierrez, to be the individual described in and who executed the foregoing instrument and acknowledged that she executed the same.

Notary Public

LEONOR HIDALGO COYLE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02CO6213934
Qualified in New York City County
Commission Expires November 23, 2021

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

On the 9 day of April 2018 before me personally came Luis Matute, to be the individual described in and who executed the foregoing instrument and acknowledged that she executed the same.

Notary Public

LEONOR HIDALGO COYLE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02CO6213934
Qualified in New York City County
Commission Expires November 23, 2021

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

On the 9 day of April 2018 before me personally came Carlos Argueta, to be the individual described in and who executed the foregoing instrument and acknowledged that she executed the same.

Notary Public

LEONOR HIDALGO COYLE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02CO6213934
Qualified in New York City County
Commission Expires November 23, 2021

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

On the 9 day of April 2018 before me personally came Anual Fernando Matute, to be the individual described in and who executed the foregoing instrument and acknowledged that she executed the same.

Notary Public

LEONOR HIDALGO COYLE
NOTARY PUBLIC. STATE OF NEW YORK
Registration No. 02CO6213934
Qualified in New York City County
Commission Expires November 23, 2021

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF New York

On the 9 day of April 2018 before me personally came Marcio Matute, to be the individual described in and who executed the foregoing instrument and acknowledged that she executed the same.

Notary Public

LEONOR HIDALGO COYLE
NOTARY PUBLIC. STATE OF NEW YORK
Registration No. 02CO6213934
Qualified in New York City County
Commission Expires November 23, 2021

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF _____ )

On the 9 day of April 2018 before me personally came Carlos Hernandez, to be the individual described in and who executed the foregoing instrument and acknowledged that she executed the same.

Notary Public

LEONOR HIDALGO COYLE
NOTARY PUBLIC. STATE OF NEW YORK
Registration No. 02CO6213934
Qualified in New York City County
Commission Expires November 23, 2021

STATE OF NEW YORK )
) ss.:
COUNTY OF New York )

Michele A Moreno
Notary Public, State of New York
Registration #02MO6341368
Qualified in New York County
Commission Expires May 2 2020

On the 9th day of April 2018 before me personally came Jose Mejia, to be the individual described in and who executed the foregoing instrument and acknowledged that she executed the same.

Notary Public

*Michele Moreno*

STATE OF NEW YORK )
) ss.:
COUNTY OF Queens )

On the 11 day of April 2018 before me personally came Luis Silva, to be the individual described in and who executed the foregoing instrument and acknowledged that she executed the same.

Notary Public

*Carolyn A. Backmann*

CAROLYN A BACKMANN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BA6370119
Qualified in Queens County
Commission Expires January 29, 2022

STATE OF NEW YORK )
) ss.:
COUNTY OF Queens )

On the 11 day of April 2018 before me personally came Domingo Silva, to be the individual described in and who executed the foregoing instrument and acknowledged that she executed the same.

Notary Public

*Carolyn A. Backmann*

CAROLYN A BACKMANN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BA6370119
Qualified in Queens County
Commission Expires January 29, 2022